UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CHRISTIAN DAVID-ROBERT WILLE, | Civ. No. 18-2069 (WMW/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| NATE KNUTSON, | |
| Respondent. | |

---

Petitioner Christian David-Robert Wille filed a petition for a writ of habeas corpus challenging his Minnesota state court conviction and sentence on seven grounds. *See* Doc. No. 1. Six of those grounds were presented to the Minnesota Court of Appeals on direct review, but one ground—a claim of ineffective assistance of appellate counsel—was not. Federal district courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)); *accord* 28 U.S.C. § 2254(b). The ineffective assistance of appellate counsel claim rendered Wille's habeas petition "mixed" and, as such, the petition could not go forward as pleaded.

Petitioners generally may proceed one of three ways after submitting a mixed habeas corpus petition. First, the petitioner may voluntarily dismiss the mixed petition as a whole, present any unexhausted claims in the state courts, and then (if necessary) return to federal court with his habeas petition. This approach has one advantage—the petitioner may prosecute all of his claims in federal habeas proceedings—but two disadvantages:

the petitioner is delayed from seeking federal habeas relief on any of his claims during the pendency of the state court postconviction proceedings, and tardiness either in prosecuting the state-court proceedings or in reinitiating federal habeas corpus proceedings could result in the petitioner running afoul of the limitations period for federal habeas petitions, *see* 28 U.S.C. § 2244(d). Second, the petitioner may voluntarily dismiss any unexhausted claims from his federal habeas corpus petition and proceed immediately in federal court, but only on the exhausted claims. This alleviates concerns about delay and the limitations period, but comes with a catch: Under 28 U.S.C. § 2244(b), habeas corpus petitioners are greatly restricted in their ability to bring "second or successive" petitions, and thus any claims voluntarily dismissed from a first petition probably cannot be resuscitated in a second petition after the claims in the first petition are adjudicated on the merits. Third, the petitioner may request that the federal habeas case be stayed while postconviction proceedings on the unexhausted claims are prosecuted on the state courts. *See Rhines*, 544 U.S. at 275-77. Such stays are "available only in limited circumstances," however, and are "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277.

    On initial review of this matter under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court concluded that a *Rhines* stay was unlikely to be appropriate in this matter. Wille had not demonstrated good cause for his failure to exhaust the ineffective assistance of appellate counsel claim. Moreover, Wille was unlikely to suffer prejudice should this action be dismissed as a mixed petition; Wille

had sufficient time in which to prosecute his claims in state court and then return to federal court without running afoul of the limitations period. Accordingly, this Court gave Wille two options: voluntarily dismiss the entire petition, or voluntarily dismiss only the unexhausted claim, failing which this Court would recommend dismissal of the petition without prejudice as a "mixed" petition. *See* Doc. No. 6.

Wille did not choose either of the options made available by this Court. Instead, Wille requests that a *Rhines* stay be imposed in this matter. *See* Doc. No. 14. In the alternative, Wille argues that exhaustion of his ineffective assistance of appellate counsel claim is unnecessary and that he should be permitted to proceed on his entire habeas petition at this time.

This Court will start with Wille's second argument first. Although exhaustion of state remedies is generally required for all federal habeas corpus claims governed by § 2254, an exception exists where the petitioner shows adequate cause to excuse the failure to exhaust state remedies and actual prejudice. *See, e.g.*, *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988) (citing, inter alia, *Wainwright v. Sykes*, 433 U.S. 72 (1977)). Where a state requires as a practical matter that claims of ineffective assistance of *trial* counsel claim be brought in postconviction proceedings (that is, outside of the direct appeal), a petitioner may show cause and prejudice by establishing that he was denied the effective assistance of counsel in the state-law mandated postconviction proceedings. *See Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. 413 (2013). Wille reasons from those cases that where, as here, state law requires that ineffective assistance of *appellate* counsel claims be brought in postconviction

3

proceedings, and where he is unlikely to be appointed counsel in those proceedings, he will be able to establish cause and prejudice for any failure to exhaust his ineffective assistance of appellate counsel claim. This argument, however, is squarely foreclosed by *Davila v. Davis*, 137 S. Ct. 2058 (2017), which expressly distinguished between ineffective assistance claims brought against trial counsel from those brought against appellate counsel and found that the rule set forth in *Martinez* and *Trevino* applies only to the former. Put another way, Wille will not be able to show cause and prejudice for a failure to exhaust his ineffective assistance of appellate counsel claim should the State of Minnesota decline to appoint counsel to assist Wille in prosecuting that claim in post-conviction proceedings.

   Because Wille has not demonstrated that he may be excused from the failure to exhaust his ineffective assistance of appellate counsel claim, this petition must either be dismissed as a whole, dismissed only as to the unexhausted claims, or stayed pursuant to *Rhines*. Wille presses for a stay, but he has failed to establish good cause for such a stay, a requirement of *Rhines*.

   Wille's primary worry, and the worry with which *Rhines* itself was concerned, is that, should his case become dismissed, the federal habeas limitations window will close before he will have the opportunity to return to federal court. Although this is sometimes a valid fear where a petitioner presents a mixed petition, the limitations period is unlikely to be an impediment to Wille in later seeking federal habeas relief, as long as he acts with reasonable diligence.

Much of Wille's argument is premised on a simple misunderstanding as to how the relevant statute of limitations operates. Wille notes that his petition for review was rejected by the Minnesota Supreme Court on November 14, 2017, and he concludes that his conviction became final (and thus the habeas limitations period began running) on that date. *See* 28 U.S.C. § 2244(d)(1)(A). This is incorrect. "It is settled that the conclusion of direct review includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari." *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Wille had until February 12, 2018, on which to file a petition for certiorari with the Supreme Court of the United States. Not until that deadline passed did Wille's conviction become final for purposes of § 2244(d)(1)(A). Far more time remains on Wille's federal limitations clock than he believes.

Nor is this the only mistake Wille makes regarding the statute of limitations. Wille correctly concludes that a few months will not be sufficient time in which to fully exhaust his ineffective assistance claim in the state courts, up to and including review by the Minnesota Supreme Court. But "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

In short, Wille has nearly five months remaining before his limitations clock expires, and none of the time during which state court post-conviction proceedings are pending will count against that clock. This is more than enough time for Wille to (1) submit a state post-conviction petition bearing a single claim for relief that has

5

already been formulated in his federal petition, and (2) return to federal court with a habeas petition that has already been drafted on claims that have already been fully litigated elsewhere. Wille thus cannot show that he is likely to be prejudiced by the operation of the federal limitations window.

Nor can he show other good cause for the delay in exhausting his claims. Wille avers that, as a pro se litigant, he is unable to conduct research or prosecute claims as expediently as a litigant assisted by an attorney. But any state post-conviction proceeding would concern only a single claim for relief: ineffective assistance of appellate counsel. Wille has already established the outline of that claim in his habeas petition and accompanying materials. Drafting a petition for state post-conviction relief based on that ineffective-assistance claim should, at this point, take Wille only a matter of days, if even that long. Any delay beyond that point would be fairly attributable to a lack of diligence.

Imposition of a *Rhines* stay in this matter would therefore be inappropriate and should be denied. Wille has not elected to voluntarily dismiss his ineffective assistance of appellate counsel claim and so, as previously cautioned, this Court now recommends that Wille's petition as a whole be dismissed without prejudice as a mixed petition; this approach permits Wille to prosecute each of his claims for relief, including his ineffective assistance of appellate counsel claim, in federal court upon exhaustion of that claim in the state courts. Only two matters merit further comment:

First, Wille contends that his petition cannot now be dismissed without prejudicing him, even if affected as being "without prejudice" as a formal matter, because any subsequent federal habeas petition he submits will be deemed "second or successive."

*See* 28 U.S.C. § 2244(b). But "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). That this Court has reached the merits of Wille's request for a *Rhines* stay does not mean that his petition itself has been decided on the merits. Indeed, this Court cannot reach the merits of the claims in Wille's petition, as that petition presents both exhausted and unexhausted claims.

Second, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *McDaniel*, 529 U.S. at 484. Wille's petition is plainly mixed, and his arguments in support of his request for a *Rhines* stay are unconvincing. It is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Wille's current habeas corpus petition differently than it is being treated here. Wille has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Wille should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The petition for a writ of habeas corpus of petitioner Christian David-Robert Wille (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE**.

2. Wille's motion for a stay (Doc. No. 14) be DENIED.

3. No certificate of appealability be issued.

Dated: September 19, 2018        *s/ Becky R. Thorson*
                                 BECKY R. THORSON
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).