UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christian David-Robert Wille, | Case No. 18-cv-2069 (WMW/BRT) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Nate Knutson, | |
| Respondent. | |

This matter is before the Court on the September 20, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 15). The R&R recommends dismissing Petitioner Christian David-Robert Wille's petition for a writ of habeas corpus without prejudice. Wille filed a timely objection to the R&R. For the reasons addressed below, the Court overrules Wille's objection and adopts the R&R.

Wille's habeas petition challenges his Minnesota state court conviction on seven grounds. Of those grounds, six were adjudicated on direct appeal by the Minnesota Court of Appeals. One ground—a claim of ineffective assistance of appellate counsel—has not been adjudicated on the merits in state court. The R&R recommends dismissing Wille's petition without prejudice because it is a "mixed" petition containing both exhausted and unexhausted claims, which federal courts may not adjudicate. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005). Wille requests that, rather than dismiss his petition, the Court stay and hold his petition in abeyance while he returns to state court to exhaust his claim of

ineffective assistance of appellate counsel. *See id.* at 276-79. The R&R concludes that a stay is not appropriate in this case because Wille has not established "good cause" for his failure to exhaust his state-court remedies. Wille objects to this conclusion.

The Court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Those portions of an R&R to which no objections are made are reviewed for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note for 1983 amendment; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas petitioners in state custody are required to exhaust available state court remedies before bringing their claims in federal court. 28 U.S.C. § 2254(b)(1). A district court lacks authority to adjudicate petitions with both exhausted and unexhausted claims, or "mixed petitions." *Rhines*, 544 U.S. at 273. However, a district court can exercise its discretion to stay a federal habeas petition and hold the matter in abeyance while the petitioner returns to state court to exhaust previously unexhausted claims. *Id.* at 276-79. But because staying a federal habeas petition "effectively excuses a petitioner's failure to present his claims first to the state courts," a district court should stay and hold in abeyance a federal habeas petition "only in limited circumstances" and only when "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

2

Wille argues that the complexity of his claim and his pro se status establish good cause. Although the Court is mindful of the challenges posed for a pro se litigant, these arguments do not establish good cause. *See Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988) (stating that a petitioner's pro se status and educational background do not excuse the requirement to exhaust state court remedies). Wille provides no other explanation for the failure to exhaust his state court remedies before bringing a federal habeas petition for ineffective assistance of appellate counsel. Because Wille has not established good cause for the failure to exhaust available state court remedies, a stay is not available in this case. Moreover, as the R&R correctly observes, the time period during which any postconviction relief is sought in state court will not count toward any limitations period. *See* 28 U.S.C. § 2244(d)(2). The R&R correctly concludes that Wille's habeas petition should be dismissed without prejudice.

Based on the foregoing analysis, the R&R, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Christian David-Robert Wille's objection, (Dkt. 16), to the September 20, 2018 Report and Recommendation, is **OVERRULED**;

2. The September 20, 2018 R&R, (Dkt. 15), is **ADOPTED**;

3. Petitioner Christian David-Robert Wille's motion to stay these proceedings, (Dkt. 14), is **DENIED**; and

4. Petitioner Christian David-Robert Wille's petition for a writ of habeas corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

5. The Court declines to grant a Certificate of Appealability under 28 U.S.C. § 2253(c).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 20, 2018

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge